UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                :

THE NEW YORK CITY DISTRICT COUNCIL :
OF CARPENTERS, :
                                                                :
                                        Petitioner, :
                                                                 :
                          v. :
                                                                :

JFD SALES CONSULTING SERVICES CORP., :
                                                                :
                                  Respondent. :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2017

17 Civ. 3733 (LGS)

**<u>OPINION AND ORDER</u>**

LORNA G. SCHOFIELD, District Judge:

      Petitioner The New York City District Council of Carpenters (the "Union") petitions to confirm and enforce an October 21, 2016, Arbitration Award (the "Award") rendered in its favor, and seeks attorneys' fees, costs and prejudgment interest. Respondent JFD Sales Consulting Services Corporation ("JFD") does not oppose the Petition. For the following reasons, the Petition is granted.

**I.     BACKGROUND**

      The following facts are taken from the Award, evidence submitted to the arbitrator and evidence in support of the Petition.

      Pursuant to a collective bargaining agreement (the "CBA") and a project labor agreement, JFD agreed to make contributions to specified benefit funds on behalf of all employees covered by the agreements. JFD also agreed to comply with the hiring requirements under the CBA, which provides that half of the employees must be selected by the Union and the other half, JFD could select. In the event JFD is delinquent in its contribution or fails to comply with the CBA's hiring practices, the CBA requires all unresolved disputes to be brought to

arbitration. The CBA also provides that the costs of arbitration will be borne equally by the Union and JFD, and that upon the confirmation of the arbitrator's award, the prevailing party will be entitled to receive all court costs and reasonable attorneys' fees.

JFD failed to make the required contributions to the employee benefit funds and failed to comply with the CBA hiring requirements. On August 3, 2016, the Union notified JFD of its intent to pursue arbitration based on these delinquencies under the CBA and the project labor agreement. On October 18, 2016, the arbitration hearing was held. No representative of JFD appeared or otherwise contacted the arbitrator. Because JFD had notice of the hearing, the arbitrator conducted the arbitration as a default hearing. On October 21, 2016, the arbitrator issued the Award in favor of the Union of $60,760.80 and $1,000, representing half the arbitrator's fee.

On May 18, 2017, Petitioner commenced this action to confirm and enforce the Award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and to obtain attorneys' fees and costs. On that same day, an electronic summons was issued to JFD. JFD did not respond to the Petition.

## II. DISCUSSION

### A. Confirmation of the Award

Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted); *accord ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 114 (2d Cir. 2012). "[G]enerally a district court should

treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110.

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d. Cir. 2016). The Award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110 (citation and internal quotation marks omitted). A "barely colorable" justification for the arbitrator's decision is sufficient to meet this standard. *Id.*

No material issues of genuine fact exist in this case. The petition is uncontested and the exhibits upon which the arbitrator relied credibly demonstrate that JFD failed to remit benefit contributions and that JFD failed to comply with the hiring practice required by the CBA. Disputes arising under the CBA are required to be arbitrated. Consequently, Petitioner is entitled to confirmation of the Award. *See e.g.*, *Nat'l Football League*, 820 F.3d at 537; *see also Mason Tenders Dis. Council Welfare Fund v. DCM Grp.*, No. 13 Civ. 1925, 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2017) (confirming arbitration award brought under LMRA § 301 where respondent did not oppose petition and record supported arbitrator's findings).

### B. Attorneys' Fees and Costs

Petitioner requests attorneys' fees of $1,148 and costs of $475. That request is granted for two independent reasons. First, although LMRA § 301 does not provide for attorneys' fees in actions to confirm and enforce an arbitration award, a contractual provision for the payment of such fees provides a basis to award them. *Trs. of Empire State Carpenters Annuity v. Bayview Custom Constr. Corp.*, No. 15 Civ. 6574, 2016 WL 6892147, at *3 (E.D.N.Y. Nov. 22, 2016);

3

*N.Y.C. Dist. Council of Carpenters Pension Fund v. Dafna Const. Co.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006). Second, "[a]s applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, the attorneys' fees and costs may properly be awarded" pursuant to the Court's equitable powers." *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d at 47 (quotation marks omitted); *accord N.Y.C. Dist. Council of Carpenters v. New England Constr. Co.*, No. 16 Civ. 6608, 2017 WL 1967743, at *4 (S.D.N.Y. May 11, 2017).

Here, the CBA provides, "Upon the confirmation of the arbitrator's award, the prevailing party shall, or on any appeal therefore, be entitled to receive all court costs in each proceeding as well as reasonable counsel fees." The CBA also provides that "[t]he costs of the arbitration, including the arbitrator's fee shall be borne equally by the Employer and the Union." JFD agreed to the CBA, failed to participate in the arbitration after receiving notice, failed to satisfy the Award and failed to oppose the instant Petition. In so doing, JFD has failed to justify its refusal to abide by the arbitrator's decision. Petitioner is therefore entitled to reasonable attorneys' fees and costs. *See, e.g.*, *Trs. Of the N. Y. C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16 Civ. 6004, 2016 WL 7335672, at *3–4 (S.D.N.Y. Dec. 16, 2016) (awarding fees and costs where employer agreed to arbitration, but failed to appear at the hearing, satisfy the award or oppose a petition to confirm the award).

"[T]he lodestar–the product of a reasonable hourly rate and the reasonable number of hours required by the case–creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). In support of its request for attorneys' fees,

Petitioner submitted contemporaneous timesheets and background information about the attorney who worked on the case. Petitioner's counsel worked 10.8 hours on the petition, at a rate of $250.00 per hour for an "Of Counsel" attorney and $90.00 per hour for a legal assistant. Petitioner also paid $400.00 for filing fees and $75.00 for service fees. On review of the contemporaneous time records and background information, the amounts requested are reasonable. *See, e.g.*, *Coastal Envtl. Grp.*, 2016 WL 7335672, at *3–4; *Trs. of the N. Y. C. Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting, Inc.*, No. 14 Civ. 9507, 2015 WL 5146093, at *2 (S.D.N.Y. Aug. 31, 2015). Petitioner's request for fees and costs is granted.

### C. Post-Judgment Interest

Petitioner's request for post-judgment interest is granted. Post-judgment interest is "allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a)(2012).

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion for confirmation and enforcement of the Award is GRANTED.

The Clerk of Court is directed to enter judgment in favor of Petitioner and against JFD in the amount of $63,383.80, which consists of the arbitration award of $61,760.80 plus $1,623.00 in attorneys' fees and costs. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

Dated: October 19, 2017
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE